UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDRA CALLOWAY | CIVIL ACTION |
| VERSUS | NO. 11-768 |
| CLEGG'S NURSERY, LLC | SECTION "N" (4) |

### ORDER AND REASONS

Presently before the Court is a motion for summary judgment filed by Defendant (Rec. Doc. 27). Having carefully considered the parties' supporting and opposing submissions, and applicable law, **IT IS ORDERED** that the motion is **GRANTED**, and that Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**. Accordingly, **IT IS ADDITIONALLY ORDERED** that the pre-trial conference scheduled to be held on Thursday, January 3, 2013, is **CANCELLED**.

### BACKGROUND

Plaintiff's claims are premised upon allegations that, because of her age and need for hip replacement surgery in the fall of 2009, she was unlawfully: (1) required to go on medical leave early; (2) demoted upon her return to work in January 2010; (3) harassed upon her return to work; and (4) constructively discharged in October 2010. She alleges violations of the Age Discrimination Act (ADEA), 29 U.S.C. § 621, et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.

## LAW AND ANALYSIS

**I. Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir.

Case 3:11-cv-00768-KDE-KWR   Document 42   01/02/13   Page 2 of 5

2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

3

## II. Application of Legal Principles

The Court, applying the foregoing legal principles, finds that, for essentially the reasons stated in its supporting memorandum, Defendant has met its burden, under Rule 56(a) and (c) of demonstrating that the record evidence submitted in this matter contains insufficient proof concerning essential elements of Plaintiff's claims, and that it is entitled to judgment as matter of law. On the other hand, Plaintiff has not satisfied her own burden, under Rule 56(c), to cite to particular record documents demonstrating the existence of a genuine dispute as to material facts.

With respect to Plaintiff being placed on pre-surgery medical leave on October 1, 2009, the evidence reflects that Plaintiff was offered the option of returning to work, prior to her November 16, 2009 surgery, if she obtained a doctor's release. She undisputedly did not. Further, given that Plaintiff did not file her lawsuit until November 22, 2011 (or her discrimination claims with the EEOC until February 1, 2011), the claim is untimely.

Regarding her alleged demotion, upon her return to work in January 2010, Plaintiff does not put forth evidence establishing the existence of a triable issue relative to whether the proffered co-manager position at Defendant's Donmoor location was not equivalent, for FMLA purposes, to the co-manager position she held, prior to her surgery, at Defendant's Greenwell Springs location. Despite contending that the Donmoor location was unsafe (in late December 2009), Plaintiff does not present evidence, other than her own opinion, that measures taken by Defendant, following a December 2007 armed robbery of the Donmoor store manager, were inadequate.[1] Further, although Plaintiff additionally points to the atypical weekday schedule worked

---

[1] Given that former Donmoor manager Travis Foreman was the victim of the 2007 store robbery, during which a firearm was discharged, his own opposition, without more, to returning to work at the Donmoor location, does not create a genuine issue of material fact.

by Donmoor co-manager Rita Ferris, she puts forth no evidence that, as a result, she would have to work more weekends, as a Donmoor co-manager, than she did at the Greenwell Springs location.[2] And though neither Plaintiff's original or amended complaint includes an FMLA retaliation claim, she, in any event, points to no evidence supporting such a claim. Assuming arguendo the timeliness of Plaintiff's age and disability discrimination claims, the same likewise is true relative to the alleged bases for the conduct in question and its requisite severity or pervasiveness.

As stated herein, the Court finds Plaintiff's claim to be legally without merit. Accordingly, Defendant's motion is granted and Plaintiff's claims are dismissed with prejudice.

New Orleans, Louisiana, this 2nd day of January 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**
U.S. Magistrate Judge Karen Wells Roby

---

[2] It is undisputed that owners Scott Ricca and Tom Fennell rotated, as needed, amongst Defendant's locations, including when a store manager did not work on a particular weekend.